

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00374-CV

MISTY KEENEY AND MONTY KEENEY D/B/A
SHOOTIN' HOOPS GUMBALLS, APPELLANTS

V.

JOHN WILLIAMS AND CAROLYN WILLIAMS, APPELLEES

On Appeal from the County Court at Law Number 1
Tom Green County, Texas
Trial Court No. 18C161-L, Honorable Ben Nolen, Presiding

September 3, 2020

## CONCURRING OPINION

### Before QUINN, C.J., and PIRTLE and DOSS, JJ.

For the reasons explained in the majority opinion regarding Appellants' first four issues, I would affirm the judgment of the district court for the reasons stated in the opinion. As for the award of $55,000 in damages, I would affirm the judgment because issue five was not preserved on appeal. To preserve a complaint about the inadequacy or excessiveness of the damages awarded by the jury, a party is required to make a request, motion, or objection in the trial court that states the specific grounds of complaint unless such grounds would be apparent from the context. TEX. R. CIV. P. 324(b)(4); TEX.

R. APP. P. 33.1(a). Arguments presented in a motion for judgment notwithstanding the verdict might raise issues related to the legal sufficiency of the evidence, but do not preserve factual sufficiency complaints. *Dal-Chrome Co. v. Brenntag Sw., Inc.*, 183 S.W.3d 133, 145-46 (Tex. App.—Dallas 2006, no pet.) ("Because a motion for directed verdict or judgment notwithstanding the verdict asserts the evidence is legally insufficient, it does not preserve a complaint on appeal that the evidence is factually insufficient.").

Moreover, the rules governing motions for new trial require that each issue presented to the trial court "shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designated to be complained of, in such a way that the objection can be clearly identified and understood by the court." TEX. R. CIV. P. 321. Though the Appellants filed a combined motion for judgment notwithstanding the verdict and for new trial, the motions fail to put the trial court on notice of any alleged insufficiency of evidence supporting the damages awarded or any complaint that the damages are excessive. I would therefore hold that notwithstanding the imprecise evidence of damages the award should be upheld because the issue was not preserved on appeal. *See State Farm Lloyds v. Fitzgerald,* No. 03-99-00177-CV, 2000 Tex. App. LEXIS 5307, at *29-31 (Tex. App.—Austin Aug. 10, 2000, no pet.) (not designated for publication).

Lawrence M. Doss
Justice

Quinn, C.J., concurring.

2